IN THE MATTER OF DAVID SPITALNICK,
AN ATTORNEY-AT-LAW.

Argued June 5, 1973—Decided July 23, 1973.

*Ms. Kathryn Flicker,* Deputy Attorney General, for the order. (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey.)

*Mr. Murray Fredericks* argued the cause for the respondent.

PER CURIAM. The Court received information that respondent, a member of the Bar and Judge of the Municipal Court of the Borough of Folsom, had instigated and participated in the "fixing" of a properly-issued traffic summons

in another municipal court. On our own motion we issued a complaint and order to show cause, directing the commencement of removal proceedings against him in his capacity as Judge, and disciplinary proceedings against him in his capacity as attorney, specifically raising the issue as to why respondent should not be disbarred or otherwise disciplined for improper and unethical conduct in violation of $R.$ 1:15–1(c), the Canons of Judicial Ethics and the Disciplinary Rules of the Code of Professional Ethics. Respondent tendered his resignation as Judge, and we dismissed the removal proceedings, but continued the matter in respect of respondent's improper conduct as an attorney, which matter was referred to the Honorable Herbert Horn, Judge of the Superior Court, who was one of the judges designated to hear the removal proceedings. After a hearing Judge Horn found respondent guilty of unethical conduct and unprofessional behavior. His presentment to that effect is now before us for final disposition.

The matter had its genesis in a traffic violation. On January 11, 1971 one Willy Pfeiffer, a resident of Albrightsville, Pennsylvania, received a properly-issued complaint and summons for driving while intoxicated in the Borough of Hammonton.

Pfeiffer consulted respondent. The two had a professional acquaintance as respondent had handled a matrimonial action for Pfeiffer, and had represented him in other legal matters.

According to respondent, Pfeiffer told him that at the time he received the summons he had been under medical treatment. Respondent explained that he could not act in connection with the ticket since it fell within the range of activities forbidden to Municipal Judges in their private practice. ($R.$ 1:15–1(c)). However, he did tell Pfeiffer that he should "get an explanation" with respect to his physical condition at the time he received the summons. Respondent also suggested that a letter by way of explanation could be sent to Judge Vincent J. Sgro who presided in

the Municipal Court of Hammonton where the summons was returnable.

Pfeiffer neither wrote the letter nor answered the summons. He contacted respondent a second time, and was again urged to write a letter of explanation. Respondent told Pfeiffer that the letter could serve in lieu of an appearance. (A letter cannot serve as an appearance in a matter of this type. Any statement in mitigation or defense must be in affidavit form. However, this method is not available for the offense charged here (R. 7:6–6).)

Ultimately, respondent took it upon himself to carry the "explanation" to Judge Sgro on the rescheduled return date. He represented to Sgro that Pfeiffer suffered a medical disability, that he was under medication at the time of the infraction which medication might have produced the effect of intoxication, and that a medical report certifying Pfeiffer's condition would be forthcoming. Respondent made these representations of medical disability without regard for their truth or falsity.

Respondent himself marked the ticket "Not Guilty" both as to "Plea" and "Finding", and added "under medical treatment." He persuaded Sgro to sign it, despite Pfeiffer's non-appearance.

Respondent's conduct directly violated R. 1:15–1(c). Significantly, he acted without regard for the plain requirements of the law which he was sworn to uphold. His conduct did violence to the fundamental principle of disinterested justice which is the bulwark of our judicial system.

Respondent's activities, however, hold a deeper significance in that they expose the probity of the Bench and Bar to question. This Court cannot allow the integrity of the judicial process to be compromised in any way by a member of either Bench or Bar. This is especially so where, as here, the particulars demonstrate that the proper channels of justice have been diverted. We must guard not only

against the spectacle of justice corrupted in one instance, but against the subversion of confidence in the system itself. A community without certainty in the true administration of justice is a community without justice.

Nowhere can the community be more sensitive to the regularities — and irregularities — of judicial administration than at the local level. While on the grand scale of events a traffic violation may be of small significance, the corruption of judicial administration of a Municipal Court is of paramount importance. Such conduct, visible and apparent to the community, destroys the trust and confidence in our institutions upon which our entire governmental structure is predicated. We cannot and will not tolerate members of the profession subverting judicial integrity at any level, for the damage is irreparable.

■ Certain considerations prompt us to mitigate the otherwise proper remedy of disbarment. They include respondent's age, prior blameless record, voluntary admission of guilt, and ultimate cooperation with law enforcement agencies and the Grand Jury, all of which show that his conduct did not spring from a hardened disregard of the law. He did not act for personal gain, and neither sought nor received compensation in any form. There is no indication, direct or indirect, that this act marked the continuation or inception of a program of this illicit nature. Rather, it seems a single, unfortunate incident, a wrongheaded and highly improper attempt to "aid" a despondent client.

Respondent has completely acknowledged the charges against him. He now stands before this Court contrite and cooperative. Suspension will express the outrage of the community, Bench and Bar, yet at the same time acknowledge the mitigating circumstances.

Respondent is suspended for two years and until further order of this Court.

*For suspension for two years* — Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, MOUNTAIN, SULLIVAN and GARVEN—7.

*Opposed*—None.