## IN THE MATTER OF VINCENT J. SGRO, AN ATTORNEY-AT-LAW.

Argued June 5 and September 12, 1973—Decided October 23, 1973.

*Ms. Kathryn Flicker,* Deputy Attorney General, for the order (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. Charles H. Nugent* argued the cause for respondent.

PER CURIAM. This disciplinary matter is the corollary to *In re Spitalnick,* 63 *N. J.* 429 (1973). The facts and course of proceedings are fully detailed in that opinion. A brief summary will suffice here.

Respondent was the judge of the Hammonton Municipal Court. At the time in question, he had only served in that capacity about three months. A police officer made a complaint in that court against a defendant for drunken driving. That defendant contacted Spitalnick, a judge of another Municipal Court of some years standing, who advised him to file an "explanation" with the court indicating that he was, as he told Spitalnick, under medical treatment at the time of the alleged offense. No such information was ever filed, the defendant never appeared in court and no hearing on the charge has ever been held. Spitalnick prevailed upon respondent to terminate the matter without trial and himself marked the summons and complaint "not guilty," with the added notation "under medical treatment." Respondent signed the document beneath these entries.

After we caused removal proceedings to be commenced against both judges, they resigned their posts. We continued the matters with respect to improper conduct as attorneys and referred them to a judge of the Superior Court for hearing and report. His conclusion is that respondent knew that it was improper to dismiss the charge without having a medical certificate at hand, that he believed it would not be improper to do so if the certificate had been furnished, and that he had relied upon Spitalnick's assurance that the action taken was appropriate.

It is, of course, clear, beyond the shadow of a doubt, that a defense in the Municipal Court, in lieu of appearance, can only be asserted with respect to a limited number of minor violations, and then only by affidavit. A drunken driving charge is not one of the offenses which may be so handled. *R.* 7:6–6. It also goes without saying that all municipal court judges, even though inexperienced and part-time, are charged with knowledge of the rules and statutes governing that court and are bound to act accordingly.

We reiterate completely what we said in *Spitalnick* about the subversion of justice and of the integrity of the judicial system occurring from acts such as took place here.

We find, however, factors in mitigation of the otherwise proper remedy of disbarment. Respondent was inexperienced, having only been a judge a short period of time; he was prevailed upon to act improperly by another judge of considerable experience, who knew the course of conduct was wrong; he relied upon the assurances of that judge; he is a young man; there was no financial gain to him; and he bears a good reputation at the bar and in his community.

We therefore conclude that his discipline should be less than that imposed upon Spitalnick and we find a suspension from the practice of law for six months and until the further order of the court is appropriate. We add, however, that the discipline imposed in these two cases is not to be taken as any indication that such is the extent of sanctions in any

future disciplinary proceedings involving the "fixing" of charges in a Municipal Court.

It is so ordered.

*For suspension of six months*—Justices JACOBS, HALL, PASHMAN, SULLIVAN and CLIFFORD—5.

*Opposed*—None