IN THE MATTER OF STEPHEN D. MAGUIRE, AN ATTORNEY-AT-LAW.

April 21, 1981.

*Colette A. Coolbaugh* for Disciplinary Review Board.
*Charles A. Frankel* for respondent.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that STEPHEN D. MAGUIRE of Avon-by-the-Sea be suspended from the practice of law for a period of six months, and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that STEPHEN D. MAGUIRE is suspended from the practice of law for a period of six months, effective May 4, 1981; and it is further

ORDERED that no application for restoration to the practice of law will be favorably considered until respondent has reimbursed the Administrative Office of the Courts for the costs arising out of these proceedings; and it is further

ORDERED that, pending such reimbursement and restoration, respondent is restrained and enjoined from practicing law during the period of his suspension and further directed to

continue to his compliance with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a Hearing Report and Minority Hearing Report filed by the District IX Ethics Committee for Monmouth County. At issue is the respondent's conviction for misconduct in office and obstruction of justice while a Municipal Court Judge for dismissing a parking ticket without first holding a hearing. Although the individual District Committee members agreed that the respondent acted improperly in that matter, disagreement over the nature of discipline to be imposed resulted in the forwarding of both a majority and minority report. Upon a review of the full record, the Board is satisfied that the conclusions set forth in the Minority Hearing Report, noted below, are fully supported by clear and convincing evidence.

The respondent served as Judge of the Municipal Court of the Borough of Avon from 1968 through 1977. On December 30, 1976, while performing his judicial duties, he was presented with a summons issued by an Avon police officer for a motor vehicle violation of the Municipal Ordinance prohibiting parking on the west side of Ocean Avenue, Borough of Avon. The respondent testified that he erroneously assumed the ticket to reflect an east side of Ocean Avenue parking violation. These tickets were generally dismissed without trial due to inadequate notice to drivers of seasonal changes in parking patterns on the east side of the street. Respondent, therefore, indicated "no violation" on the back of the complaint and dismissed the matter. The police officer involved then made inquiries which resulted in the indictment of respondent and others.

Following trial, respondent was found guilty of misconduct in office and obstruction of justice and was fined a total of $1,020. His conviction was affirmed by the Appellate Division of the Superior Court.

The respondent declined to testify at his trial, despite the urging of his attorney and the trial judge. He indicated at the ethics hearing that he could not believe that the charges were being made against him and even though he knew them to be without merit, he was unable to bring himself to take the stand and testify. He stated that although the dismissal of the parking ticket was in error, it was an oversight rather than criminal misconduct.

Following hearing before the Committee, two reports issued. The majority report determined that the criminal charges against the respondent were not proved by clear and convincing evidence, despite the fact that the respondent's conviction was upheld by the Appellate Division; based on this rationale, the majority report concluded that the dismissal of the ticket without hearing was based upon an improper interpretation of the ticket for which a private reprimand is appropriate. The minority report noted that the question of respondent's guilt or innocence is *res judicata* and outside the jurisdiction of the Ethics Committee; respondent's conduct was, therefore, found to be in violation of *DR* 1–102(A)(3)(5) and (6).

### CONCLUSION AND RECOMMENDATION

The respondent, an attorney, has been found guilty of improper conduct while acting as a Municipal Court Judge. Although the Board is cognizant of the respondent's claim of innocence, it cannot go behind an existing conviction which has been upheld by the Appellate Division of the Superior Court and relitigate the matter. In addition, the respondent has admitted that his conduct in failing to carefully and independently examine the parking ticket to determine the nature of the alleged violation and the subsequent dismissal of the ticket without a

hearing was improper. It remains for the Board, in recommending appropriate discipline, to weigh the conviction against any pertinent mitigating circumstances. The respondent's record as attorney and as Municipal Court Judge for various municipalities was unblemished prior to this incident. In addition, he resigned his judgeship and voluntarily withdrew from the practice of law when charged with criminal conduct. The discipline imposed in similar cases involving improper conduct by municipal court judges ranges from a public reprimand to a two-year suspension, with the majority falling within the range of six months to one-year suspension. See *In re DeLucia*, 76 *N.J.* 329 (1978); *In re Vasser*, 75 *N.J.* 357 (1978); *In re Hardt*, 72 *N.J.* 160 (1977) and *In re Sgro*, 63 *N.J.* 538 (1973). The Board, therefore, recommends that, under the circumstances herein presented, the respondent be suspended from the practice of law for a period of six months. The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

DATED: February 26, 1981

By: A. Arthur Davis, 3rd

A. Arthur Davis, 3rd
Chairman