IN THE MATTER OF JUDGE RICHARD J. MURRAY.

Argued January 11, 1983—Decided April 13, 1983.

*Colette A. Coolbaugh,* Secretary, argued the cause for complainant Advisory Committee on Judicial Conduct.

*Francis X. Hermes* argued the cause for respondent (*Thiele & Hermes,* attorneys).

PER CURIAM.

The Supreme Court Advisory Committee on Judicial Conduct (the "Committee") issued a presentment, recommending that respondent, Richard J. Murray of Somerville, former [1] Municipal Court Judge for the Borough of Far Hills, be publicly reprimanded for having violated the Code of Judicial Conduct by intervening in a matter pending before another municipal court. The Court ordered respondent to show cause why he should not be publicly reprimanded. Pursuant to *R.* 2:15–13, respondent moved for an order rejecting the Committee's recommendation. Respondent, whose prior record both as a judicial officer and a practicing attorney had been spotless and who has expressed his sincere regret for this incident, requests that whatever discipline we impose be delivered in private. Nevertheless, because of the nature of his transgression and its effect on the public interest, we deny the respondent's motion and adopt the recommendation of the Committee that respondent be publicly reprimanded.

---

[1] As a result of this incident, respondent voluntarily withdrew his name from consideration for reappointment as a municipal court judge when his term expired on December 31, 1981.

The Committee accurately sets forth the relevant facts in its presentment, *viz:*

[O]n August 12, 1981, Richard Cowan filed a criminal complaint against Alan R. McDonald in the Allamuchy Municipal Court. The complaint charged Mr. McDonald with theft by deception, in violation of *N.J.S.A.* 2C:20-4(a).

It appears that both Mr. McDonald and his wife, who had been longtime clients of respondent, were out of the State at the time the criminal complaint was filed. Respondent advised the officer assigned to serve the summons to deliver it to the McDonalds' daughter, who was at the family residence in Hackettstown.[2] After the daughter received the summons she mailed it to respondent on August 19, 1981. Respondent received the summons on August 20, 1981 and then unsuccessfully attempted to contact both the Municipal Court Judge and Acting Municipal Court Judge of Allamuchy in order to request that Mr. McDonald's probable cause hearing be adjourned.* He was able to speak to the secretary of the Acting Judge however, and was advised to forward his request to the court in writing. Thus, later that same day respondent authored and forwarded a letter on behalf of Mr. McDonald to the Honorable Joseph G. Houston, the Municipal Court Judge of Allamuchy Township.

* The instructions accompanying the summons indicated that such request had to be made by August 21, 1981.

The text of the letter is as follows:

Dear Judge Houston:

Please be advised that I just received today a copy of a summons entitled as above, # SH90224. I am a municipal judge and have been for many years and am writing to you because I am personally involved in this matter. I represented Mr. and Mrs. Alan R. McDonald who had an art gallery. Apparently Mr. Cowan consigned certain articles to them. These articles were in turn consigned to the Rothschild Gallery. The Rothschild Gallery sold some of the articles without the consent of the McDonalds.

There was a protracted law suit in which I represented the McDonalds against the Rothschild Gallery. Mr. Cowan was advised of the suit and kept apprised of its progress. Part of the contentions of the Rothschild Gallery were that the articles were mis-represented by my clients or the person who gave the articles to my clients. There was a judgment for $11,000.00 taken and there have been attempts for the last five or six months to obtain moneys from the Rothschild Gallery. Mr. Cowan was advised that there would be an accounting of the moneys when, as and if the same were collected from Rothschild Gallery.

I am personally involved because I represented the McDonalds and in addition thereto, I have some of the articles which were consigned. My clients on

---

2We note there is a dispute between the respondent and the Advisory Committee as to whether the respondent advised the court officer to deliver the municipal court summons to the McDonalds' daughter. We need not decide this dispute since it has no effect on our decision.

numerous occasions tried in vain to have Mr. Cowan pick up the remaining articles that were left with them, according to my clients. My clients even tell me that Mr. Cowan has even refused certified mail. I have some of these articles in my basement now.

My client, Alan R. McDonald, moved to Texas several weeks ago because he is a printer and was offered a substantial job. This was the reason for Mrs. McDonald joining him and for closing the art gallery.

My clients will not waive probable cause hearing, and I am sending them a copy of this letter and the complaint because they will undoubtedly engage counsel since I cannot represent them.[3] I certainly will advise them to seriously consider liable [sic] and slander charges against Mr. Cowan and seek damages for malicious abuse of judicial process.

I do not know who the investigating officer in this matter is, but I certainly hope that this letter is turned over to him and that he be given an opportunity to talk to me or the McDonalds prior to the probably [sic] cause hearing.

Very truly yours,
Richard J. Murray

Judge Houston received the letter on August 21, 1981 and immediately forwarded it to Municipal Court Services.

Canons 1, 2, and 3 of the Code of Judicial Conduct set forth the law governing the issues. Canon 1 compels a judge to observe and maintain high standards of conduct so that the integrity and independence of the judiciary may be preserved. Canon 2(B) requires a judge to avoid any impropriety or even the appearance of such impropriety: "A judge ... should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him," nor should a judge "testify as a character witness." Canon 3 establishes guidelines concerning the impartial performance of judicial duties and includes in Canon 3 A(4) the admonition that a judge may "neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding."

The Court concludes that respondent violated these Canons by sending to Judge Houston the letter dated August 20, 1981,

---

[3]R. 1:15-1(c) prohibits a municipal court judge from practicing in any criminal, quasi-criminal or penal matter.

which sought preferential treatment for the respondent's client. A plain reading of the letter discloses its impropriety. In the letter respondent clearly attempts to use his power, prestige, and influence as a municipal court judge to further the personal and private purposes of his clients. Further, by extolling the McDonalds and bearing witness to their good name and reputation, respondent violated Canon 2(B), which prohibits a judge from "testifying" as a character witness. *See In re Anastasi,* 76 *N.J.* 510 (1978).

A municipal court judge must at all times be sensitive to the public's perception of his actions. As this Court has often noted, the municipal court is an integral part of our judicial system. *In re Hardt,* 72 *N.J.* 160 (1977); *In re Mattera,* 34 *N.J.* 259 (1961). A municipal court is the court of first resort and

> [f]or all practical purposes, the judgments of the municipal court are final. It is there that most citizens have their sole exposure to the judicial process. The respect they have for the judiciary hinges upon that experience. Thus, the magistrate has a unique responsibility for the popular image of the entire system. [*Mattera,* 34 *N.J.* at 275].

Improper conduct by a municipal court judge, which is

> visible and apparent to the community, destroys the trust and confidence in our institutions upon which our entire government structure is predicated. We cannot and will not tolerate members of the profession subverting judicial integrity at any level, for the damage is irreparable. [*In re Spitalnick,* 63 *N.J.* 429, 432 (1973).]

Part-time municipal court judges such as respondent, who maintain private practices, must be particularly circumspect. They must at all times keep separate their dual functions as judge and attorney. Zeal for a client is a proper motivation for a part-time municipal court judge in his capacity as an attorney. But such zeal can never be used by a judge as justification for using his judicial office to promote his client's interests. Respondent's August 20 letter reveals a lack of sensitivity to the public's perception of his actions and cannot be condoned.

The Court, however, understands the unusual facts of this case and the difficult position in which respondent found himself. Respondent had represented the McDonalds for many

years in civil matters, including the matter from which the criminal charges arose. He was in possession of property connected with the criminal charges. He was unable to communicate with the McDonalds, and the McDonalds had only a limited time in which to request a probable cause hearing. He was not authorized to retain an attorney for the McDonalds. He was unable to obtain for the McDonalds an adjournment from the Allamuchy part-time clerk, and the regular clerk was absent. The municipal judge and acting magistrate were similarly unavailable, and the acting magistrate's secretary instructed respondent to send a letter to Judge Houston. Taken together, these factors created a situation in which respondent sent the August 20 letter before considering the propriety of such an act.

Although we recognize the unique circumstances in this case, the time pressure under which respondent acted, and the fact the letter represents a single unfortunate incident in respondent's hitherto unblemished record, we nevertheless conclude that respondent's improper use of the prestige and authority of his municipal judgeship with respect to this matter violated judicial Canons 1, 2, and 3. For this violation of the judicial Canons, respondent is hereby reprimanded.

So ordered.

*For reprimand*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*Opposed*—None.