## EDWARD SUTT ASSOCIATES, INC. *v.* D & S CONCRETE PRODUCTS, INC.
### (2049)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued November 7, 1984—decision released January 22, 1985

*Daniel Green,* for the appellant (plaintiff).

*Keith A. Rubenstein,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals[1] from the trial referee's rendering of judgment[2] for the defendant. This is an action in which the plaintiff alleges that the defendant breached an oral agreement to install a septic system for a home in a workmanlike manner, or that the defendant negligently installed the septic system.[3]

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[2] The plaintiff appealed from the memorandum of decision rather than from the judgment, but the defendant, by failing to move for the dismissal of the appeal, waived this technical defect. *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 115, 348 A.2d 651 (1974).

[3] In a separate action, the plaintiff herein was sued by the homeowner, and was found liable for the defective installation of the septic system. That case and the case which is the subject of this appeal were tried together. The plaintiff does not appeal from the judgment in favor of the homeowner. The exhibits in the latter case were not available to this court. It is the appellant's responsibility to make necessary exhibits available for appellate examination. *Drazen Lumber Co.* v. *Casner,* 156 Conn. 401, 405–406, 242 A.2d 754 (1968). Without these exhibits there is a barely adequate basis for review of the plaintiff's claims in this case, although the transcript supports the trial court's judgment.

Basically, all of the claimed errors relate to a challenge that the trial court made factual findings unsupported by the evidence.

Certain facts found by the trial referee are undisputed. The plaintiff constructed a house and hired the defendant to install a septic system for it. The plaintiff applied for permission to install that system, attaching a design to its application. The plaintiff conducted a percolation test and the results were embodied in its application.

The plaintiff contends that the septic system as provided by the defendant was not designed by the plaintiff nor was it equivalent to the original design. It claims that the defendant, on its own, altered the design from that originally proposed by it, and that the defendant alone sought approval of a new design. The plaintiff further argues that it did not backfill the system and that no evidence adduced at trial supports the trial court's conclusion as to that fact. In addition, the plaintiff asserts that no facts allowed the trial court to conclude that the plaintiff incorrectly performed a percolation test or that the defendant did not breach an oral agreement to install a septic system.

An appellate review of the plaintiff's claims of error in this case is limited to whether the decision of the trial court is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). In this case, the facts relied upon in the memorandum of decision are supported by the evidence.

There is no error.