MARLENE SERBY *v.* CHARLES SERBY
(2753)

DUPONT, C.P.J., SPALLONE and KELLY, Js.

Argued March 29—decision released July 2, 1985

*Susan J. Poll,* for the appellant (defendant).

*William F. Askinazi,* with whom was *Stewart Edelstein,* for the appellee (plaintiff).

KELLY, J. This is an appeal[1] from an order to modify a decree of unallocated alimony and support awarded to the plaintiff wife.

The record reveals the following facts which are not disputed by the parties. At the time of the dissolution of the marriage on February 3, 1981, the parties entered into a separation agreement which was incorporated by reference into the dissolution decree by the trial court, *S. Freedman, J.* Pursuant to the separation agreement, the defendant husband was ordered to pay the plaintiff unallocated alimony and support of $24,000 per year. At that time, both of the two children of the parties resided in the marital home and were minors. The agreement provided that the alimony and support payment would be reduced by $3500 per year as each child attained his or her majority. On November 12, 1983, the older child would attain majority, and the payment would be decreased to $20,500 per year. The agreement provided that the maximum amount of alimony to be paid to the wife at any time once child support ceased would be $17,000 per year.

The agreement contemplated that the plaintiff would seek employment and could earn up to $15,000 per year without substantially changing the circumstances for purposes of the defendant's obligation to pay alimony and support. The plaintiff had periods of employment before entering into the agreement but was not employed at the time she sought modification of this agreement in October, 1983.

The parties' financial affidavits, presented to the trial court when the plaintiff sought modification, revealed that at the time of the dissolution the defendant was

[1] The defendant appealed from the memorandum of decision rather than from the judgment, but the plaintiff, by failing to move for the dismissal of the appeal, waived this technical defect. *Edward Sutt Associates, Inc.* v. *D & S Concrete Products, Inc.,* 3 Conn. App. 179, 179 n.2, 485 A.2d 1358 (1985).

earning $55,000 annually and, within two and one-half years, his income rose to $75,300 per year. In that two and one-half year period, the defendant's gross income increased by more than $20,000, and his monthly living expenses increased $377.11 per month. His assets similarly improved, and he had no liabilities as of August, 1983.

During the same two and one-half year period following the dissolution, the plaintiff's expenses increased $245.27 per week, and her savings diminished to zero. Her sole assets are a 1978 automobile and a two-thirds interest in the marital home. On October 27, 1983, the Superior Court, *Coppeto, J.,* ordered a modification of the unallocated alimony and support and increased those payments to $29,075 per year from the existing $24,000 annual payment.[2]

The defendant appeals from that judgment to modify the alimony and support payment on the grounds that (1) his income increase was not a "substantial change in circumstances" and was not unforeseeable to the parties in 1981 at the time of the agreement, and (2) the trial court's decision, relying only on the parties' financial affidavits, was not supported by facts.

As a prerequisite to modification of alimony or support awards, the moving party must show that there has been "a substantial change in circumstances of either party which was not foreseen at the time of entry of the dissolution decree and which arose subsequent to entry of the original decree." *Cummock* v. *Cummock,* 188 Conn. 30, 34–35, 448 A.2d 204 (1982); *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982); *McGuinness* v. *McGuinness,* 185 Conn. 7, 9, 440 A.2d 804 (1981); see General Statues § 46b-86 (a).

---

[2] This sum would have been reduced by $3500 the next month when the older child reached majority, and in 1988 when the second child reached majority, as per the original separation agreement, the annual payment would be reduced to $17,000.

Whether the increase in the defendant's income was an unforeseen change in the circumstances of the parties is a question of fact. *McCann* v. *McCann,* 191 Conn. 447, 451, 464 A.2d 825 (1983). The trial court's finding that the defendant's increase in income was not contemplated at the entry of the original decree is reviewed to determine whether it has any reasonable basis in the facts. *McGuinness* v. *McGuinness,* supra, 13. The moving party must show that the change in circumstances was not contemplated by the parties at the time of the rendition of the initial decree. *Gould* v. *Gould,* 1 Conn. App. 224, 225, 470 A.2d 713 (1984).

The sole evidence on this point introduced by the plaintiff was the provision in the separation agreement, which was incorporated into the dissolution judgment, expressly providing that the defendant could not seek a modification of alimony and support payments unless the plaintiff attained an employment income of $15,000. The plaintiff argues that the omission of a similar clause as to the defendant's income, allowed the trial court to infer that the dramatic increase in the defendant's gross income of over 20 percent in two and one-half years, or, stated another way, his $20,000 jump in income during that period, was not contemplated by the parties at the time. This is too slender an evidentiary reed on which to conclude reasonably that such an increase in the defendant's earnings was not contemplated by the parties.[3]

---

[3] The plaintiff's motion for modification of the dissolution decree regarding unallocated alimony and support awarded cites solely the increase in the defendant's earnings as a basis for a modification of the original award. The trial court relied solely on the proportionate increase in the defendant's income for its conclusion as to a substantial uncontemplated change in the status of the parties. Cases are reviewed on the theory on which they were tried and decided. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151, 487 A.2d 514 (1985). In any event, at the time of the original decree, the plaintiff's expenses were not adequately covered by the alimony award. Further, although the agreement suggests that the parties believed it probable

The separation agreement's provision on alimony and support is quite detailed providing among other things that when the two children attain the age of majority or their emancipation, alimony will not exceed $17,000 per year. When each child reaches the age of majority the unallocated alimony and support will be reduced by $3500. The obligation to pay alimony is limited to a twelve year period commencing from the date the separation agreement was executed.

Prior decisional law on the subject militates against the reasonableness of the trial court's finding. In *McCann* v. *McCann,* supra, 450, the court noted that the trial court had arrived at its conclusion that the dramatic increase in the plaintiff's income was not contemplated by the parties by examining prior salary increases. Here, no such evidence was presented. In *Hardisty* v. *Hardisty,* 183 Conn. 253, 257–58, 439 A.2d 307 (1981), the court upheld the trial court's determination that the increase in the defendant's income and assets was not contemplated at the time of the decree, solely on the facts gleaned from the financial affidavits. There, the change in financial circumstances was startling, however, since the defendant's gross income in the span of four years was two and one-half to three times what it was at the time of the decree's rendition.

Additionally, the defendant's affidavit in that case disclosed the ownership of two restaurants where previously he disclosed no ownership interest in any restaurants. Id., 257–58. Here, the trial court simply noted that the defendant's earnings had increased by somewhat more than twenty percent in a span of two and one-half years.

the plaintiff would obtain employment, it provides, in determining the proportionate shares of the children's educational expenses to be borne by the parties, for the situation where the plaintiff is not employed.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.