MARSHA J. HARLAN *v.* WILLIAM E. HARLAN, SR.
(3259)

BORDEN, DALY and CURRAN, Js.

Argued June 10—decision released September 24, 1985

*Christopher J. Smith,* with whom was *Barry C. Pinkus,* for the appellant (plaintiff).

*Philip R. Mancini III,* with whom, on the brief, was *Linda M. Guliuzza,* for the appellee (defendant).

CURRAN, J. This is an appeal from the judgment of the trial court denying the plaintiff's motion to open and modify a judgment of dissolution.

The eleven year marriage between the parties was dissolved in September, 1974. At that time, the defendant was ordered to pay the sum of $35 per week for the support of the parties' two minor children, and $10 per week as alimony. In addition, the defendant was ordered to quitclaim his interest in the marital residence. At the time of the dissolution, the financial affidavit of the defendant disclosed an income of $129 per

week and weekly expenses of $142.76. His debts amounted to $6855, and his assets totaled $7800. The plaintiff's affidavit at that time disclosed an income of $132.75 per week and weekly expenses of $130.33. Included in this were payments which the plaintiff and the two children received in monthly social security benefits. The plaintiff had suffered a stroke prior to the dissolution and this sum represented a disability allowance. Her debts amounted to $900.59 and her assets totaled $5750.

In January, 1984, the plaintiff filed a motion to open and modify the judgment as it pertained to alimony. The grounds for the request were that the defendant's earnings had increased substantially and that the expenses of the plaintiff had increased. The affidavit filed by the defendant at the hearing on the motion to modify showed a weekly income of $786.31. The weekly expenses of the plaintiff were listed at $210.12, while her weekly income amounted to $100.69. Her assets totaled $59,678.89 and she had no liabilities. The court denied the motion on the ground that the plaintiff failed to establish a substantial change in circumstances outside the contemplation of the parties. From the denial of this motion, the plaintiff has appealed.

A motion for articulation was filed with the court and granted. The court stated that the defendant, as of the time of the hearing, was still employed in the same position as he was at the time of the dissolution, but was making approximately $780 per week. The court further found that, at the time of the dissolution, the defendant was making $266 per week, rather than the $129 per week listed on his affidavit, a finding which is not challenged on this appeal. The court found that the increase in salary resulted from normal increments plus inflation over the ten year span. The court indicated that, although the defendant had an increased income, the increase evolved as a result of overall inflation and as an ordinary upgrading of the salary level

for the same position which the defendant held at the time of the dissolution. The plaintiff, the court found, continued to be disabled and was still receiving social security benefits. The court found that the change in the parties' circumstances was not outside the contemplation of the parties at the time of the dissolution.

The authority for modification of alimony orders and judgments may be found in General Statutes § 46b-86 (a). It allows for the modification of any final order for the periodic payment of permanent alimony at any time after the order is entered "upon a showing of a substantial change in the circumstances of either party." It is clear, however, that a substantial change in the circumstances of either party which would warrant a modification must be accompanied by facts indicating that the change in circumstances was not contemplated at the time of the entry of the original order and arose thereafter. *Serby* v. *Serby,* 4 Conn. App. 398, 400, 494 A.2d 617 (1985). Thus, for modification of alimony, the burden of proof rests with the moving party to show a substantial change in circumstances of either party which was not foreseen at the time the dissolution decree was entered and which arose subsequent to the entry of that decree. Id., 401. That party must demonstrate that continued operation of the original order would be unfair or improper. *McGuinness* v. *McGuinness,* 185 Conn. 7, 10, 440 A.2d 804 (1981); *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

A trial court has broad discretion in making the determination of whether the facts show this burden has been met. In an appeal of this nature, every reasonable presumption will be made in favor of the trial court's exercise of discretion, and its decision will not be disturbed unless it acted illegally or unreasonably.

The triggering mechanism to enable the court to consider a modification is that it be outside the contem-

plation of the parties at the time of the entry of the decree of dissolution. This the court found not to be so. The evidence before the court showed that the defendant remained in the same position he held at the time of dissolution and that the plaintiff, who had suffered a stroke prior to the dissolution, remained disabled. There was, however, no evidence of a previously undisclosed asset nor a startlingly dramatic increase in the defendant's salary. Cf. *Serby* v. *Serby,* supra, 402. Nor was there a substantial deterioration in the plaintiff's health requiring a modification of the original award; cf. *McGuinness* v. *McGuinness,* supra; or other similar development necessitating modification. See *Howat* v. *Howat,* 1 Conn. App. 400, 402–407, 472 A.2d 799 (1984). The trial court found that the increase in the defendant's salary was due to normal increments in salary and due to normal inflation. While the increase in the defendant's income may appear considerable, when one considers it on an annual compounded basis, it amounts to a twelve and one half percent increase in salary each year, a figure within the range of double digit inflation which plagued the economy of our country during the ten years involved. The trial court's conclusion that the change in circumstances was not outside the contemplation of the parties, therefore, was not unreasonable or an abuse of discretion.

There is no error.

In this opinion the other judges concurred.