JEAN V. WANATOWICZ *v.* THEODORE J. WANATOWICZ
(5055)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Submitted on briefs September 1—decision released November 17, 1987

*Jess H. Smith* filed a brief for the appellant (plaintiff).

*Patrick Tomasiewicz* filed a brief for the appellee (defendant).

DUPONT, C. J. This is an appeal by the plaintiff from the trial court's granting of the defendant's motion for modification of alimony. The sole issue is whether the trial court erred by finding a substantial change in circumstances not contemplated by the parties at the time of the dissolution of their marriage.[1] We find error.

The marriage of the parties was dissolved on August 13, 1982. At that time, the defendant was ordered to pay $50 per week per child for the support of the parties' two minor children, and $50 per week as alimony. On October 15, 1984, the plaintiff's motion for modification of child support was granted, increasing the defendant's child support payments to a total of $140 per week. On March 7, 1986, the defendant filed a motion for modification of alimony and child support. The trial court decreased alimony payments from $50 to $30 per week, but did not alter the child support payments. The defendant was also ordered to pay the plaintiff $10 per week on an arrearage of $2531.87.

Two motions for articulation of the court's judgment were filed by the plaintiff and granted. The court stated three bases for its judgment. First, the court found that the plaintiff's weekly gross income had increased from $293.34 to $404.66, with corresponding increases in her net weekly income from $170.98 to $254.27. The court also found that the plaintiff's weekly expenses had decreased from $512.82 to $483.93. The defendant's

---

[1] We note that General Statutes § 46b-86 (a) which provides for modification of alimony or support "upon a showing of a substantial change in the circumstances of either party," has been repealed and substituted by Public Acts 1987, No. 87-104. That act states, in relevant part, that after dissolution of a marriage "modification may be made upon a showing of such substantial change of circumstances, *whether or not such change of circumstances was contemplated at the time of dissolution.* By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court." (Emphasis added.) This act, however, was not effective until October 1, 1987.

gross weekly income was found to have decreased from $730 to $678.65, although his net income increased from $471 to $491.27. Second, the court found that the defendant had developed an alcoholic problem in 1985 and 1986. During this period, the defendant depleted a $7000 loan, which he was repaying in weekly installments of $110. Third, the court found that the defendant was in need of a new automobile for transportation to his place of work. On the basis of these findings, the defendant's motion for modification was granted.

To modify an order for periodic alimony the court must determine that a substantial change has occurred in the circumstances of either party which was not contemplated at the time the order was entered. *O'Bymachow* v. *O'Bymachow,* 12 Conn. App. 113, 116, 529 A.2d 747 (1987). In a modification action, the decision of the trial court is attributed great weight and every consideration must be given in support of its correctness. *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981). The action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts. *O'Bymachow* v. *O'Bymachow,* supra, 116.

The plaintiff's increase in net weekly income of $84 does not necessarily constitute a substantial change in circumstances. The increase in the plaintiff's income appears to be due to normal increases in salary as well as to her increased working hours.[2] There is no evidence of a startling dramatic increase in the plaintiff's salary warranting modification. *Harlan* v. *Harlan,* 5 Conn. App. 355, 358, 498 A.2d 129 (1985). *McCann*

[2] The plaintiff's financial affidavit shows that a significant portion of this increase was due to the plaintiff's placing herself on call as a nurse for additional hours. The record indicates that the defendant owed the plaintiff an arrearage of more than $2000 as of the date of the hearing on the defendant's motion for modification. The plaintiff claimed that the large arrearage forced her to work extra hours.

v. *McCann,* 191 Conn. 447, 450, 464 A.2d 825 (1983); *Hardisty* v. *Hardisty,* 183 Conn. 253, 257–58, 439 A.2d 302 (1981); *Serby* v. *Serby,* 4 Conn. App. 398, 402, 494 A.2d 617 (1985). Nor has the defendant experienced a substantial change in his net income, which has actually increased by $20.27, although his gross income has declined. Net income available to the party who is to pay alimony and not gross income is the criterion upon which the court must fix alimony. *Collette* v. *Collette,* 177 Conn. 465, 469, 418 A.2d 891 (1979); *Tobey* v. *Tobey,* 165 Conn. 742, 747, 345 A.2d 21 (1974).

We disagree with the trial court's finding that the defendant's alcoholism and expenditure of $7000 comprised both a substantial *and* unforeseen change in circumstances. Since there is nothing in the record to indicate that the defendant abused alcohol at the time of the dissolution, there is support for the finding that the problem was uncontemplated at the time of the dissolution. We conclude, however, that the defendant's alcoholism does not, in this case, constitute a substantial change in circumstances.

Where the payor spouse has suffered a serious impairment of health or physical condition, and this results in a *decrease* or cessation of income or increased medical expenses which impair the ability to pay alimony, payments may be modified. 24 Am. Jur. 2d Divorce and Separation § 713; *Bronson* v. *Bronson,* 1 Conn. App. 337, 339, 471 A.2d 977 (1984); *Swayze* v. *Swayze,* 176 Conn. 323, 328, 308 A.2d 1 (1978). In this case, the defendant's net income did not decrease as a result of his alcoholic condition. Indeed, there is no indication that the defendant has suffered any permanent harm that will prevent him from maintaining or even increasing his current income level. Absent a correlation between the defendant's alcoholism and net income, modification is not warranted.

The defendant's indebtedness of $7000 lends no credence to his request for reduced alimony payments. Had this sum been expended in pursuit of counseling or medical assistance, it might constitute a substantial change in circumstance due to illness and corresponding medical expenses. However, there is no evidence that ineluctably ties the $7000 debt to the defendant's alcohol problem. The defendant merely states that he "blew" the money while drinking. He does not claim that he spent the money for treatment of his alcoholism. There is no indication that this expenditure was not a result of his own extravagance, neglect, misconduct or other unacceptable reason; *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); rather than an unavoidable result of his alcoholic problem. An inability to pay alimony due to indebtedness or other factors must be excusable and not brought about by the defendant's own fault. Id.

Finally, we disagree with the trial court's finding that the defendant's need for a new automobile is a relevant consideration. The parties were divorced in 1982. It was certainly foreseeable at that time that either party would require a new automobile in the future. The defendant's need for a new car cannot be deemed a change in circumstances which was not contemplated at the time of the dissolution.

There is error, the judgment granting the defendant's motion for modification is set aside, and the case is remanded with direction to deny the defendant's motion for modification.

In this opinion the other judges concurred.