[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to modify the judgment entered in this action for dissolution of marriage on October 28, 1983. That judgment, which followed a trial, included an award of the marital residence to the plaintiff, with alimony in annually increasing amounts which leveled off in 1987 to the present amount of $14,000.00 per year.
The defendant bases the motion for reduction or termination on the claim that the plaintiff is living with another person who contributes to household expenses and that she has received a sizeable cash inheritance upon the death of her father.
As to judgments entered in dissolution actions prior to October 1, 1987, pursuant to 46b-86 C.G.S. a party seeking modification must establish that the substantial change in circumstances on which the motion to modify is based was not contemplated at the time of the dissolution. Harlan v. Harlan,5 Conn. App. 355, 357 (1985).
Examination of the financial affidavits filed by the parties at the time the judgment was entered indicates that the amount of alimony awarded was based on an estimation of the amount the plaintiff needed in addition to her own earnings in order to continue to live in the family home and pursue the same manner of living as the expenses listed on her affidavit indicated.
The plaintiff has not remarried, however she has undergone a religious service known as a ceremony of commitment with a man who now lives with her and pays $104.65 per week toward the household expenses, or a total of $5,441.80 per year. As a result of an inheritance, the plaintiff also has available funds which the court finds are capable of generating income in the amount of at least $10,000.00 per year after taxes.
The plaintiff has no liabilities, and it appears to the court that under the present circumstances the needs which were to have been met by alimony are being met from other sources, an outcome not shown to have been contemplated at the time the judgment was entered. These events constitute a material change in circumstances not shown to have been contemplated at the time of judgment.
Accordingly, the judgment is modified to reduce the alimony which the defendant must pay to the plaintiff to one dollar per year. CT Page 2629
The parties shall be responsible for their own counsel fees incurred as to this motion.
BEVERLY J. HODGSON, JUDGE