# PATRICIA D. CROWLEY *v.* PATRICK J. CROWLEY
## (AC 15975)

Foti, Lavery and Daly, Js.

Argued February 19—officially released August 5, 1997

*Joseph A. O'Brien,* for the appellant (defendant).

*Sheila S. Horvitz,* for the appellee (plaintiff).

DALY, J. This is an appeal from the modification of a dissolution judgment. The defendant claims that the trial court improperly (1) found a substantial change in circumstances and applied an incorrect legal standard in reaching that conclusion, (2) concluded that the plaintiff would remain in continuing need of support, (3) assessed interest on a modified retroactive alimony award, (4) extended the duration of the life insurance coverage required by the original dissolution judgment, and (5) awarded counsel fees. We reverse the judgment in part and affirm it in part.

The parties' marriage of twenty-one years was dissolved by a November 21, 1989 judgment, which provided that the defendant was to pay unallocated alimony for a total of ten years in the amount of $50,000 per year for the first four years, $40,000 for each of the subsequent two years, and $20,000 for each of the final four years. All alimony payments would terminate in ten years and the term would be nonmodifiable. The defendant was to maintain a $100,000 life insurance policy, with the plaintiff as a beneficiary, for a period of eight years or until the plaintiff's earlier demise, remarriage or cohabitation. The judgment provided that the plaintiff would receive full interest in the parties' jointly owned real property and 50 percent of the value of the defendant's pension.[1] The judgment also provided that the plaintiff would have custody of the parties' two minor children.[2]

On October 13, 1993, the parties filed a stipulation that modified the alimony award. The stipulation provided that the defendant would pay alimony starting in

---

[1] By agreement of the parties, after a motion by the plaintiff, the decree was modified on December 12, 1991, to cash out the plaintiff's assigned share of the defendant's pension.

[2] By August 13, 1992, both children had reached the age of majority.

January, 1994, at the rate of $34,000 per year, instead of $40,000, and $17,000 per year, instead of $20,000, from November 21, 1995, to November 24, 1999.

On November 6, 1995, the plaintiff filed a motion to modify requesting an increase in alimony. A hearing on that motion was held on April 10, 1996.[3] The plaintiff testified that she worked part-time at the Saybrook Veterinary Hospital in Old Saybrook and that her income has remained about the same since 1989. She testified that she did not have many workplace skills at the time of the parties' divorce, but that she believed she could make a decent living if she could work full-time showing dogs. She testified that, because of the 1993 modification, she decided to keep her part-time job at the veterinary hospital and, thus, was unable to work full-time at showing dogs and develop the reputation necessary to earn a decent income from that work. The defendant testified that his base pay was $106,000 and that additional income from his employment came from bonus payments based on his performance and his company's performance. He testified that he was residing with a woman[4] and that, in January, 1995, they had purchased a home in Old Saybrook for $256,000. The defendant testified that he took out a mortgage of $204,000 to finance the purchase and that the home required repairs, which resulted in his incurring an additional $69,900 in debt.

The trial court on April 30, 1996, found that there had been a substantial change in circumstances and

[3] At the hearing, the court admitted financial records. The plaintiff's financial affidavit showed a gross income from her veterinary hospital job of $10,400 annually ($200 per week) and a net income of $8060 annually ($155 per week). The plaintiff also showed income from showing dogs of $2600 annually, or $50 per week. Her affidavit showed weekly expenses of $1077. The defendant's affidavit showed gross income of $140,224.76 annually ($2696.63 per week) and a net income of $95,499.04 ($1836.52 weekly). The defendant's affidavit showed weekly expenses of $1687.56.

[4] The woman cohabiting with the defendant testified that she had a gross income of $28,200 in 1995.

granted the plaintiff's motion for modification. The court's ruling modified the alimony by ordering the defendant to pay $40,000 per year, retroactive to November 28, 1995, the date of service of the motion on the defendant, with the monthly payments to commence May 1, 1996. The court ordered the defendant to pay interest, at the rate of 10 percent, on the unpaid balance of the arrearage with payments to commence on December 1, 1999. The court ordered the defendant to maintain the $100,000 life insurance policy until the alimony and arrearage were fully paid. Furthermore, the defendant was to pay counsel fees in the amount of $2761.70. This appeal ensued.

I

The defendant first claims that there is insufficient evidence of a substantial change in circumstances, and, therefore, the case should be remanded with direction to deny the plaintiff's motion to modify alimony or, alternatively, for further proceedings to determine whether there has been a substantial change in circumstances. Additionally, the defendant claims that the trial court applied an incorrect legal standard in concluding that there had been a substantial change in circumstances. These claims are interrelated, and we address them together.

A trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases, and its orders in such cases will not be reversed unless its findings have no reasonable basis in fact or it has abused its discretion, or unless, in the exercise of such discretion, it applies the wrong standard of law. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 739–40, 638 A.2d 1060 (1994); see also *Fahy* v. *Fahy*, 227 Conn. 505, 517, 630 A.2d 1328 (1993); *McGuinness* v. *McGuinness*, 185 Conn. 7, 13, 440 A.2d 804 (1981). "[W]e do not review the evidence to determine whether a conclusion

different from the one reached could have been reached." (Internal quotation marks omitted.) *Meehan* v. *Meehan*, 40 Conn. App. 107, 110, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).

Trial courts have "broad discretion in deciding motions for modification." *Noce* v. *Noce*, 181 Conn. 145, 149, 434 A.2d 345 (1980). Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86.[5] *Borkowski* v. *Borkowski*, supra, 228 Conn. 734; *Denley* v. *Denley*, 38 Conn. App. 349, 350–51, 661 A.2d 628 (1995). "When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party." (Internal quotation marks omitted.) *Borkowski* v. *Borkowski*, supra, 734. The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. *Jaser* v. *Jaser*, 37 Conn. App. 194, 204, 655 A.2d 790 (1995). The change may be in the circumstances "*of either party.*" (Emphasis in original.) *McCann* v. *McCann*, 191 Conn. 447, 450, 464 A.2d 825 (1983); see General Statutes § 46b-86. The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony

---

[5] General Statutes § 46b-86 provides in relevant part: "Modification of alimony or support orders and judgments. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . . No order for periodic payment of permanent alimony or support may be subject to retroactive modification except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party . . . ."

award. See *Avella* v. *Avella*, 39 Conn. App. 669, 672, 666 A.2d 822 (1995); see also *Borkowski* v. *Borkowski*, supra, 737–38.

"In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony. . . . More specifically, these criteria, outlined in General Statutes § 46b-82,[6] require the court to consider the needs and financial resources of each of the parties . . . as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of the parties." (Citations omitted; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, supra, 228 Conn. 736.

When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. Id., 737. Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82 criteria, make an order for modification. Id. The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. Id., 738. The inquiry, then, is limited "to a comparison between the current conditions and the last court order." Id.

Here, the trial court, pursuant to its statutory powers and responsibilities, made findings of fact that formed

---

[6] General Statutes § 46b-82 provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ."

the basis for its orders. The court found that the defendant's weekly income had increased from $1193 to $1836 in a period of less than three years.[7] The court concluded that this increase constituted a substantial change in circumstances.

That finding alone is sufficient to justify reconsideration of a prior alimony order.[8] See *McCann* v. *McCann*, supra, 191 Conn. 451; cf. *Hardisty* v. *Hardisty*, 183 Conn. 253, 258, 439 A.2d 307 (1981). "[A] dramatic increase in the income of one of the parties may constitute a substantial change in circumstances . . . ." *Simms* v. *Simms*, 25 Conn. App. 231, 234, 593 A.2d 161, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991).[9]

---

[7] On the basis of financial affidavits, the court found (as the defendant conceded) that his net weekly income of $1193, as reported in his October 18, 1993 financial affidavit, increased to $1836 as reported in his April 10, 1996 financial affidavit, and that that increase of approximately 54 percent constitutes a substantial change in circumstances.

[8] The defendant argues that Connecticut should adopt the policy, used by some other jurisdictions, that an increase in the income of the payor spouse alone is a legally insufficient reason to support a modification in an alimony award. This argument was rejected by the Supreme Court when, responding to the same argument in *McCann*, it said, "the trial court found that the plaintiff's increased earning constituted a substantial and unforeseen change in circumstances, a finding of fact that the plaintiff has not challenged. That finding is sufficient to justify reconsideration of a prior alimony order." *McCann* v. *McCann*, supra, 191 Conn. 451. That interpretation is bolstered by the language of the statute providing that a substantial change may be a change in the circumstances of "either" party; General Statutes § 46b-86; as well as by a majority of decisions in which the issue was discussed. See, e.g., *Howat* v. *Howat*, 1 Conn. App. 400, 405, 472 A.2d 799 (1984).

[9] The trial court obviously concluded that the increase in the defendant's income constituted a change in circumstances that was "substantial." Several appellate cases have raised the question of whether an increase in the payor spouse's income constituted a substantial change in circumstances within the meaning of General Statutes § 46b-86. See, e.g., *Hardisty* v. *Hardisty*, supra, 183 Conn. 257 (payor's gross income increased 250 percent over four years); *LaBow* v. *LaBow*, 13 Conn. App. 330, 348, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988) ("startling dramatic" 200 percent increase in salary over five years); *Harlan* v. *Harlan*, 5 Conn. App. 355, 358, 498 A.2d 129 (1985) ("startlingly dramatic" 200 percent increase in salary over ten

Although that finding alone is a sufficient basis for a finding of a substantial change in circumstances, the court made additional findings. The court found that the continuation of the prior alimony award would be unjust and inequitable under all of the circumstances. Although a "trial court need not make a special individual finding as to each of the criteria which it could have considered"; *Howat* v. *Howat*, 1 Conn. App. 400, 407, 472 A.2d 799 (1984); here the court made additional findings concerning the criteria relevant to the question of modification. Among the court's findings were the following: the defendant's financial condition had substantially improved since the date of the prior modification, while the plaintiff's had worsened; the plaintiff's financial decline was due in part to her "improvident financial transactions and expenditures"; even without such unwise expenditures, the plaintiff, considering her age, vocational skills and earning capacity, "would obviously remain in need of continuing support, as there would continue to be a shortfall between her expenses and income."

The court's findings have a substantial basis in fact. The trial court could have taken into consideration the plaintiff's income, which grew only slightly, from $8840 to $10,660, and her continuing need. The court also could have properly considered the testimony of the

years); *Serby* v. *Serby*, 4 Conn. App. 398, 401, 494 A.2d 617 (1985) ("dramatic increase" of 20 percent over two and one-half years). In finding substantial changes in circumstances, the prior cases included considerations of other factors in addition to the increase in the payor spouse's income. See *Hardisty* v. *Hardisty*, supra, 258 (failure to disclose fully financial information); *McGuinness* v. *McGuinness*, supra, 185 Conn. 10–11 (payee's inability to pay due to deteriorating health); *LaBow* v. *LaBow*, supra, 348 (defendant's decreased earning capacity; plaintiff's unmet needs under original decree; defendant's wilful withholding of alimony and support payments over substantial period of time; evidence of previously undisclosed assets); *Harlan* v. *Harlan*, supra, 358 (increase in payor's salary over ten years, while appearing to be "considerable," due to normal salary increases within range of inflation and, therefore, not unforeseen); *Serby* v. *Serby*, supra, 401

plaintiff as to her current part-time veterinary hospital job, as well as her skills and potential earning capacity in the field of showing dogs.

We find that the trial court did not apply an incorrect legal standard and did not abuse its discretion in determining that a substantial change in circumstances had occurred. We also find a reasonable basis in fact for the trial court's conclusions. See *McCann* v. *McCann*, supra, 191 Conn. 450–52; *Noce* v. *Noce*, supra, 181 Conn. 149–51.

## II

The defendant's second claim is that there is no reasonable basis in fact for the trial court's conclusions regarding the plaintiff's earning capacity and need for continuing support, and, therefore, the case should be remanded to the trial court. The defendant argues that the trial court improperly concluded that, even if the plaintiff worked full-time in her present job or comparable employment, she would still require continuing support.

"The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous.

(increase was not unforeseen). In the present case, the trial court did not abuse its discretion in finding that a 54 percent increase in the payor's income in less than three years constituted a substantial change in circumstances. In reaching this conclusion, the increase need not be termed "dramatic" or "startling" so long as it is found to be a substantial change in circumstances.

. . . This court cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Werblood* v. *Birnbach*, 41 Conn. App. 728, 730–31, 678 A.2d 1 (1996).

The plaintiff is a high school graduate, possessing limited skills, who is presently employed part-time in a veterinary hospital. Her income has been relatively level since the date of the last modification. Her greatest financial potential is showing dogs, which requires a significant investment in time and resources that has thus far been outside the plaintiff's financial reach. The trial court found that the plaintiff has been "striving" to work full-time showing dogs. The trial court properly considered evidence of her income, skills, and maximum earning ability in reaching its determination regarding her earning capacity and need for continuing support. There is evidence in the record to support the trial court's findings and conclusions.

### III

The defendant claims that the trial court was without authority to order statutory interest of 10 percent, to be paid on the modified retroactive alimony order, because the arrearage was not caused by his fault or his failure to comply with a court order.

The trial court has the discretion to decide whether to make an award of interest under General Statutes § 37-3a. *Mihalyak* v. *Mihalyak*, 30 Conn. App. 516, 522, 620 A.2d 1327 (1993). A trial court also "has discretion respecting the manner in which an arrearage shall be paid. *Moore* v. *Moore*, 187 Conn. 589, 447 A.2d 733 (1982)." *LaBow* v. *LaBow*, 13 Conn. App. 330, 353, 537

A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).

Section 37-3a provides for interest on money detained after it becomes due and payable. See *Spearhead Construction Corp.* v. *Bianco,* 39 Conn. App. 122, 136, 665 A.2d 86, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995). Whether interest is a proper element of recovery ordinarily rests on whether the detention of money is wrongful. See *LaBow* v. *LaBow,* supra, 13 Conn. App. 352. Here, the trial court ordered the defendant to pay the arrearage created by its modification of alimony retroactive to the date of service on the motion, "together with statutory interest at the rate of 10 percent per annum on the unpaid balance, accruing from and after April 30, 1996" in installments beginning December 1, 1999. Because the defendant is not required to pay any of the arrearage until December 1, 1999, the defendant cannot be found to have detained money that he has not yet been required to pay. Since there has been no detention, there can be no wrongful detention. We conclude that the trial court improperly awarded the payment of interest.

IV

The defendant next claims that the trial court was without authority to modify the life insurance provision of the original judgment.

The original judgment provided that the defendant should maintain a life insurance policy in the amount of $100,000 with the plaintiff as beneficiary. Said insurance policy was to remain in effect for either eight years or until the plaintiff's earlier death, remarriage or cohabitation. The modified order requires the defendant to maintain the policy until he is no longer obligated to pay alimony under the modified decree and until the arrearage has been fully paid.

The court's power to modify is created by statute, and it must make its determination on the basis of the statutory standards. *Fisher* v. *Fisher*, 28 Conn. App. 483, 488, 611 A.2d 440 (1992). The trial court is limited to reviewing the current situation of the parties in light of the statutory criteria set forth in § 46b-82. Id. While General Statutes § 46b-81 (a) provides that the court may assign either the husband or the wife all or any part of the estate of the other and § 46b-82 permits the court to order either party to pay alimony to the other, an order for modification under § 46b-86 (a) is limited to the payment of periodic alimony. See *Berg* v. *Berg*, 24 Conn. App. 509, 510–11, 589 A.2d 885, cert. denied, 219 Conn. 908, 593 A.2d 134 (1991).

"Alimony is always represented by money and is damages to compensate for loss of marital support and maintenance." *Colley* v. *Colley*, 460 S.W.2d 821, 826 (Ky. 1970); see generally *Rubin* v. *Rubin*, 204 Conn. 224, 228, 527 A.2d 1184 (1982) (" 'purpose of alimony is to meet one's continuing duty to support' "). A life insurance policy order hence is nonmodifiable. General Statutes § 46b-86 (a) allows the court to modify final orders or judgments for the payment of periodic alimony and support, but specifically excludes modification of property assignment. *Woodward* v. *Woodward*, 44 Conn. App. 99, 101, 686 A.2d 1010 (1997). The trial court's order as to life insurance was improper, and, accordingly, we reverse that order.

V

The defendant's final claim is that the trial court abused its discretion by ordering him to pay the plaintiff's attorney's fees in the amount of $2761.70.

"General Statutes § 46b-62 vests a court with the power to award counsel fees based on its evaluation of the factors used to determine the alimony award." *Emanuelson* v. *Emanuelson*, 26 Conn. App. 527, 532–33,

602 A.2d 609 (1992). "In making an award for attorney's fees, the court must consider the respective financial abilities of the parties. . . . The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of cash with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying an award." (Citations omitted.) *Howat* v. *Howat*, supra, 1 Conn. App. 408. "If . . . the trial court concludes, based on the total financial resources of the parties, that denying an award of counsel fees would undermine its prior financial orders, then it may award counsel fees to the requesting party." (Internal quotation marks omitted.) *Turgeon* v. *Turgeon*, 190 Conn. 269, 281, 460 A.2d 1260 (1983).

The trial court found that a denial of the plaintiff's attorney's fees, in toto, would impair or undermine the other financial orders entered. We cannot conclude that this finding was an abuse of discretion, and, therefore, the trial court was within its discretion in awarding the plaintiff counsel fees.

The judgment is reversed only as to the modification of the order for life insurance and the award of interest on the alimony arrearage, and the case is remanded with direction to render judgment as on file except as modified as to life insurance and interest in accordance with this opinion.

In this opinion the other judges concurred.