[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION (#166)
Before the court is the plaintiff's motion for modification of alimony, post-judgement, dated September 2, 1997 (#166).
The marriage of the parties was dissolved by the court (Levine, State Trial Referee), on November 14, 1983. In its memorandum of decision, the court provided that the plaintiff was to pay the defendant, as unallocated alimony and child support, the sum of $65,000 per year, payable monthly, to be reduced by $15,000 on each of the two children's eighteenth birthdays. Further, alimony and child support were to be reduced by one-half of the defendant's gross annual income from earnings above $25,000 per year. Alimony was terminable on the defendant's death, remarriage or statutory cohabitation.
The alimony order was modified by the court (Petroni, J.) on November 14, 1995. At that time, both of the children had reached their age of majority; therefore, there was no further child support and the alimony component of the original order provided for payment of $35,000 per year, payable monthly. In its memorandum of decision, the court found that there had been a substantial change in the financial circumstances of both parties[1], and granted the plaintiff's motion for modification and reduced alimony to $15,000 per year, payable in the sum of $1,250 monthly. This order was affirmed on appeal. Eldridge v.Eldridge, 45 Conn. App. 904 (1997).[2]
CT Page 8147
The plaintiff has again moved to modify, or terminate, alimony by motion for modification dated September 2, 1997 (#166). The parties have previously stipulated that any order thereon would be retroactive to December 4, 1997. This court held an evidentiary hearing thereon, and finds the following facts.
The plaintiff is 56 years old and in "fair" health. He claims to have a "sleep disorder" and prostate problems, neither of which apparently interferes with his work. The plaintiff is now and has been for approximately 25 years a certified public accountant. His niche is in the taxation of insurance corporations, which he characterizes as a "dying" specialty. He has been self-employed since 1994, and has sought but not obtained full-time employment. His income is, instead, in the nature of consultation fees. At the time of the previous court hearing in 1995, the plaintiff was earning, monthly, $13,000 gross, less $2,000 in business expenses, for a monthly gross of $11,000. In addition, he had interest and dividend income in the Sum of $1,000 per month. After taxes, his total net income was $9,500 per month. This was matched against then monthly expenses of about $14,800. Also in 1995, the plaintiff had assets of approximately $1,365,000 and negligible liabilities.
The defendant is 54 years old and is in "good" health. She has high blood pressure, but she takes medication and her condition apparently does not affect her employment. In 1995, the defendant was a school teacher with the New York city Board of Education. Her net earnings from work were approximately $3,100[3], plus interest and dividend income of $697 per month, for an approximate monthly total of $3,800. Matched against this were the defendant's monthly expenses of approximately $5,000. The defendant had assets of slightly over $600,000 and again, her liabilities were negligible in contrast to her assets.
This court has thoroughly read Judge Petroni's original memorandum of decision and his memorandum of decision in response to the plaintiff' s request for reconsideration and articulation. This court adopts Judge Petroni's findings with respect to the personal and financial circumstances of the parties in 1995, with the exception of the mathematical computation previously noted in footnote 3.
At the time of this hearing, in February 1998, the plaintiff remained self-employed and his sole earnings were still in the nature of consulting fees. He earns, on average. $7,200 per CT Page 8148 month, less expenses of $1,200, for $6,000 per month in self-employment income. His interest and dividend income is about $500 per month, for total income from all sources of $6,500 per month. The plaintiff's net income after taxes is approximately $5,300 per month. The plaintiff has only slightly pulled in his monthly expenses, which approximate $13,350 per month. His assets have grown considerably, to approximately $2,123,000,[4]
with, again, negligible liabilities.
The defendant remains employed as a tenured teacher with New York City Board of Education. Her current net earnings are approximately $3,565 per month, the court having added back to her claimed net earnings the same deductions added back previously by Judge Petroni, i.e., the deduction for the tax deferred annuity and for teacher's retirement. Her interest income is approximately $765 per month, net.[5] This results in a total monthly net of $4,330. The defendant's expenses have risen, almost proportionately, to about $5,412 per month. Her assets have increased to over $708,000, and she has a nearly $50,000 liability, mostly for legal fees paid by her father.
C.G.S. § 46b-86(a), provides in pertinent part that:
 "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony. . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. . . ."
In deciding a motion for modification, there is a two-part inquiry. First, the court must determine whether there has been a substantial change in circumstances warranting a modification of the existing order. If there has been, the court next determines what an appropriate alimony order currently is, taking into consideration all of the statutory factors set forth in C.G.S. § 46b-82. Crowley v. Crowley, 46 Conn. App. 87, 92 (1997).
Also, this court takes note of the relative time periods which must be contrasted. Here, the court examines the present circumstances of the parties, with those that existed at the time of the last court order which effected the alimony, i.e., 1995.Borkowksi v. Borkowski, 228 Conn. 729, 738 (1994);Cersosimo v. Cersosimo, 188 Conn. 385 (1982). The parties do not dispute this last principle, and they have, in fact, tendered CT Page 8149 to the court copies of Judge Petroni's decision and articulation, as well as the respective financial affidavits of the parties before Judge Petroni at that time. Again, Judge Petroni's findings as to the circumstances of the parties in 1995 would be controlling upon this court.
The court has considered all of the evidence in reaching the facts previously stated. It is persuaded that the plaintiff has demonstrated a substantial change in circumstances. In the court's mind, the single most impressive circumstance is the decline in the plaintiff's self-employment income from, before taxes, $11,000 per month in 1995 to $6,000 per month in 1998. The court found the plaintiff credible on this point. By contrast, the defendant's net earnings from employment have increased, albeit moderately, from approximately $3,100 in 1995 to $3,565 in 1998.
The court is not unmindful of, and has taken into account, the fact that the plaintiff's asset base has grown considerably since the date of the last order in 1995. This is due, for the most part, to the plaintiff's risk-taking tolerance with respect to his financial investments. However, to sustain his level of expenses, the court infers that the plaintiff is engaged in "asset depletion" to finance these expenses notwithstanding the plaintiff's considerable asset rise. Somewhat unfortunately for the defendant, her expenses have increased in pari materia to her income. Before the receipt of alimony, her income to expense shortfall of $1,200 per month in 1995 is $1,080 in 1998.
The court has considered C.G.S. § 46b-82 and all of the factors provided therein. The court grants the plaintiff's motion for modification and reduces alimony to $1 per year, terminable upon the defendant's death, remarriage or statutory cohabitation. Said order is retroactive to December 4, 1997 as stipulated by the parties. This would result in a credit to the plaintiff of $8,750 ($1,250 per month x 7 months), subject to audit. Said amount shall be payable by the defendant to the plaintiff within 60 days of the day hereof.
Finally, the plaintiff shall notify the defendant, in writing, upon the commencement of any employment as well as compensation therefor, and shall provide the defendant with copies of all tax returns filed within 30 days of their filing, so long as he has any alimony obligation to the defendant.
CT Page 8150
So Ordered.
JOHN F. KAVANEWSKY, JR., JUDGE