[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY (#174) MOTION FOR CONTEMPT (#175)
Before the court are the defendant's motion to modify periodic alimony (#174) and the plaintiff's motion for contempt (#175).
The marriage of the parties was dissolved on November 10, 1994. There was, and remains, one minor child issue of the marriage. A separation agreement of the parties was incorporated by reference into the dissolution decree. In salient part, the agreement provided that the parties would share joint legal custody of the minor child, with primary physical custody being with the plaintiff. It also provided for alimony to the plaintiff on the following schedule:
 $4,000.00 per month from November 1, 1994 to October 31, 1995; $3,500.00 per month from November 1, 1995 to October 31, 1997, and; $3,000.00 per month from November 1, 1997 to October 31, 1999.
Further, it was agreed that the defendant "may seek a modification (reduction or termination) of the alimony payments set forth above only in the following events: (a) a physical disability and/or material substantial decrease in the earnings from his current or future employment . . ." Article III, paragraph 3.5(a). The defendant seeks a modification on the latter ground. Finally, Article IV, paragraph 4.1 of the agreement provided that ". . . [d]uring the period of time [plaintiff] is receiving alimony in accordance with the terms and provisions of Article III, above, she agrees and acknowledges that she shall be solely responsible to provide support for the minor child . . ." The plaintiff moves that the defendant be held in contempt for non-payment of alimony in accordance with the terms and provisions of the agreement.
At the time of the dissolution in 1994, the defendant was the sole shareholder and an officer and employee of a manufacturing company named Dennison Machine Company, Inc. (hereinafter "Dennison Machine" or "Dennison"). The defendant's weekly income from said employment was $2,500.00 gross, $1,974.00 net. His expenses were approximately $2,630.00 per week. He had assets of CT Page 553 approximately $77,000.00, exclusive of an interest in the nature of a negative $32,750.00 book value in Dennison Machine. The defendant had liabilities of $37,800.00 (exclusive of mortgage), and an estimated contingent liability for unpaid payroll taxes of Dennison Machine in the sum of $140,000.00. Further, the defendant had an alimony obligation to a former wife in the sum of $1,500.00 per month, (included in the above expenses) which was apparently current in November, 1994.
Dennison Machine had gross revenues of approximately $1.2 million dollars in 1994. Subsequently, the business went decidedly sour. Its business dropped dramatically, primarily due to the loss of its major customer which had accounted for approximately 80 percent of Dennison's revenue. In 1997, the full effects of the loss were being felt; that year, Dennison's gross revenues were only $700,000.00. By March, 1997, Dennison's payroll tax liability amounted to $350,000.00, and the IRS levied. They seized a major account receivable, and Dennison was forced to obtain a bank loan by collateralizing its equipment to reduce the liability and keep the IRS at bay. Whereas before the company had no bank debt, it then incurred a loan of $220,000.00. In 1998, by the time of the contempt/modification hearing in July, revenues were still struggling and payroll taxes for the first half of the year were unpaid.
The financial health of the defendant was inextricably interwound with that of Dennison Machine, and the company's decline had a natural and significant impact on the defendant's income. At the time of the hearing in July, 1998, the defendant's weekly income was $1,000.00 gross, $776.00 net (the defendant had additional income of about $45.00 per week as the result of a purchase money mortgage he extended to the buyer of his former home; that mortgage calls for a balloon payment in May, 2001). The defendant's assets are now $32,200.00 (most of that being the balance of the aforesaid purchase money mortgage), exclusive of an interest in the nature of a negative $121,000.00 book value in Dennison Machine as of the end of 1997. The defendant has liabilities of over $200,000.00, which include a personal liability as an officer of Dennison Machine for the unpaid payroll taxes. The liabilities also include $79,000.00 in loans made by Dennison Machine, which were primarily incurred to meet his alimony payments to his first wife and the plaintiff. The defendant's alimony arrearage to that first wife stands at $15,000.00, and is the subject of a New Jersey modification proceeding. The parties in this case have stipulated that the CT Page 554 defendant's alimony arrearage to the plaintiff, as of July 10, 1997, was $10,250.00, less any credits which may be given as hereinafter set forth. They also stipulated that any modification would be retroactive to the same date, July 10, 1997.[1]
Finally, the defendant is presently 52 years old.
The circumstances of the plaintiff are also noted. The plaintiff was not employed at the time of the dissolution. As of the date of the hearing in July, 1998, the plaintiff was "temping" as a secretary approximately four days a week. Her weekly income, gross, was $250.00. She does not state what her deductions from income are; this court determines that the deductions are in accord with those calculated by the defendant, so that her net is about $225.00 per week.[2] It should be noted, however, that this court has not considered the plaintiff's income for purposes of determining whether the defendant is entitled to a modification, based upon Article III, paragraph 3.6 of the separation agreement. There, the defendant acknowledged and agreed that "he shall not be entitled to any reduction in the alimony payments to be made by him to [plaintiff] based upon the [plaintiff's] employment or any earnings derived therefrom." The plaintiffs assets have decreased, too, from $75,500.00 at the time of the dissolution, to $3,000.00 now. Likewise, her liabilities have increased from $25,500.00 to $40,000.00. However, the court notes that her expenses have fallen considerably, from $2,460.00 per week to $530.00 per week. The plaintiff is 47 years old. At the time of the hearing she recounted a number of illnesses and conditions, but the court finds that most, if not all, preexisted at the time of the dissolution, are managed by medication, and do not interfere significantly with the plaintiff's obtaining employment.
The law is well settled that, in deciding a motion to modify such as the instant one, the court must first determine whether or not there has been a substantial change in the circumstances of either party. In the instant case, the defendant may seek a modification of his periodic alimony obligation only upon showing a "material substantial decrease" in his earnings. If there has been such a change, the court can then set a new order after considering all the factors it would have been obligated to consider at the time of the original decree. Crowley v. Crowley,46 Conn. App. 87, 92 (1997). Also, orders for unallocated alimony and child support are severable, and adjustments may be made when circumstances require. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336, CT Page 555 341 (1989).
The court is persuaded that the defendant has sustained his burden of proof and is entitled to some relief. The court shall, therefore, reduce the defendant's monthly payments to a total of $1,500.00 per month, $800.00 of which is allocable to alimony and $700.00 to child support. This order shall be retroactive, as agreed, to July 10, 1997. The court is also persuaded that the plaintiff has not sustained her burden of proving that the defendant's non-payment has been wilful.
Based upon the forgoing, this court is able to partially calculate an arrearage as follows:
Arrearage through July 10, 1997. $10,250.00
Plus continuing arrearage from July 10, 1997 to July 22, 1998 (@ $1,500.00 per mo.). $18,550.00
Subtotal $28,800.00
Less credit for defendant's payments between July 10, 1997 and July 22, 1998. ($10,242.00)
Less credit for fees and costs imposed on finding of plaintiff's contempt, May 19, 1997. ($1,540.00)
Arrearage through July 22, 1998. $17,018.00
Less credit as the result of finding of plaintiff's contempt by the court (Harrigan, J) March 11, 1998. ($ to be determined)
Final arrearage $ to be determined
Based upon the forgoing this court enters the following orders:
1. The plaintiff's motion for contempt is denied, but without prejudice to the plaintiff's request for attorneys fees and costs;
2. The defendant's motion to modify is granted. The defendant is ordered to pay to the plaintiff the sum of $1,500.00 per month, $800.00 of which is allocable to alimony and $700.00 to child support, retroactive to July 10, 1997. Further, said order CT Page 556 for child support is without prejudice to a modification upon the conclusion of the New Jersey court proceedings wherein the defendant seeks to modify alimony payable to his former wife;
3. The court finds an arrearage of $17,018.00 due the plaintiff by the defendant, through July 22, 1998 without prejudice to any further reduction as the result of the court's (Harrigan, J.) finding of contempt on March 11, 1998. Further, the court reserves jurisdiction following any reduction to determine issues regarding satisfaction of, and security for, any final arrearage;
4. All orders are without prejudice to the interest of the State of Connecticut and the protection thereof.
So Ordered By,
KAVANEWSKY, J.