[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this post judgment proceeding, the plaintiff moves to modify periodic alimony. The court heard testimony from each party on February 21, 2001, and considered the January 29, 2001 memorandum in opposition filed by the defendant.
On September 15, 1998, judgment entered dissolving the marriage and incorporating a written stipulation of the parties. In the orders reflecting the terms of the stipulation, each party assumed certain debts from which the other party was held harmless. The debt assumed by the defendant that is pertinent to this motion is a debt to United Business Federal Credit Union which totaled $9,161.45 at the time of judgment. At the hearing for final judgment, the court modified the agreement by adding a provision that "each party to receive alimony in the amount of CT Page 3295 One-Dollar ($1.00) per year for debt indemnification purposes only."[1]
The transcript reflects that both parties agreed to this modification.
Under General Statutes § 46b-86, "a final order of alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party." It is the plaintiff's burden to show that a substantial change in circumstances of either party exists since the date of dissolution.
 When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. [Borkowski v. Borkowski, 228 Conn. 729, 737 (1991).] Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82
criteria, make an order for modification. Id. The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. Id., 738. The inquiry, then, is limited "to a comparison between the current conditions and the last court order."
Crowley v. Crowley, 46 Conn. App. 87, 92 (1997).
Since the date of dissolution, the defendant filed for bankruptcy under Chapter 7. By judgment of March 31, 2000, the defendant's obligations to the plaintiff in the separation agreement were discharged. The debt to United Business Federal Credit Union was discharged. Since the defendant's discharge in bankruptcy in March 2000, the plaintiff has been making monthly payments of $50.00 on this debt. She has paid $550. She seeks a weekly payment from the defendant of $11.54 to cover these payments, under the alimony provision of the judgment.
The defendant responds that this issue has been litigated before and decided by the U.S. Bankruptcy Judge. He argues that under the doctrine of claim preclusion, the plaintiff is barred from obtaining the relief she seeks. Under Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 589 (1996), a case cited by the defendant, the court noted,
 The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is CT Page 3296 final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it.
(Citations omitted.)
The defendant notes that in the bankruptcy proceeding, the plaintiff brought a complaint seeking a determination that the defendant's obligation to hold her harmless from the United Business Federal Credit Unit debt was not dischargeable. The defendant answered the complaint denying that the obligation was not dischargeable. A hearing was held, and on March 31, 2000, the court (Krechevsky, USBJ) issued a memorandum of decision discharging the defendant from his obligation to hold the plaintiff harmless of the credit union debt. In its decision, the court stated the following,
 The plaintiff introduced into evidence the financial affidavits that the plaintiff and the debtor submitted at the time of the marriage dissolution hearing, a copy of the debtor's deposition and certain other documents. In her supplemental trial brief, the plaintiff posits that her best argument for nondischargeability rests under § 523(a)(5) for a finding of alimony, maintenance or support based upon the Superior Court's requirement that the parties add Section 11 before that court would approve the Agreement. In view of the colloquy quoted from the Superior Court transcript, the plaintiff apparently may request an alimony modification upon nonpayment by the debtor of the credit union debt. The Superior Court may or may not grant such a request taking into account present circumstances.
In Re Neil D. Walsh, Chapter 7, No. 99-22193, Lesniewski v. Walsh, Advisory Proceeding No. 99-2118 (U.S.B.C., (D.Conn.)) (3/31/00).
After a review of the whole decision and in light of the above language, this court concludes that the bankruptcy court did not address the issue raised in this motion to modify, that is, a modification of periodic alimony in light of the plaintiff's assumption of the debt discharged for the defendant. Accordingly, the court addressed the merits of the motion. See Lewis v. Lewis, 35 Conn. App. 622 (1994). CT Page 3297
The court finds that circumstances have substantially changed. The defendant's obligation to assume a debt has been discharged; the plaintiff has assumed payment of the debt. Each party is making somewhat more than they did at the time of the judgment; in fact their incomes have increased by approximately the same amount. Reviewing their respective financial circumstances, i.e., income, expenses, the court concludes that a modification of alimony to $7.00 weekly is appropriate. The periodic alimony order is modified to order the defendant to pay the plaintiff $7.00 weekly until the plaintiff's obligation of the credit union debt is satisfied or until further order of the court. This order shall be secured through an immediate wage withholding order.
DiPentima, J.