[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S POST-JUDGMENT MOTION FOR MODIFICATION OF FAMILY SUPPORT (#257)
The parties' marriage was dissolved by judgment entered September 5, 1995 at which time the court approved their CT Page 3855 settlement agreement and incorporated it in the judgment. Article III, paragraph 3.3 provided that the unallocated alimony and child support of $25,000 per month would be non-modifiable as to amount through December, 1998. During said time the plaintiff was entitled to receive one third of all amounts contributed by him to the Bear Stearns Capital Accumulation Plan between July 1, 1996 and June 30, 1999. The plaintiff waived her right to participate thereafter.
The parties further agreed that either party may petition the court for a review of the unallocated order, asking the court to consider the totality of the financial circumstances of the parties and apply § 46b-82 criteria, stipulating that any modification shall be made retroactive to January 1, 1999.
The plaintiff was and is a homemaker and full time care giver for the parties' three children. She has relocated to Florida.
At the time of the dissolution the defendant was employed by Bear Stearns on commission and is still so employed as a Senior Managing Director. His annual income then was $1,339,503. His annual income currently is $2,227,000. The court finds this increase to be a substantial change in the financial circumstances of the defendant. This conclusion permits the court to apply the § 46b-82 criteria. Crowley v. Crowley,46 Conn. App. 87, 92 (1997). Many of those criteria have not changed. The parties relative ages, state of health, length of marriage, causes of the breakdown, and station are all substantially the same. The children are older, their needs have changed and their educational requirements have increased. The two younger children attend Palm Beach Day School where tuition is $12,000 for each. The oldest attends a boarding school in Boca Raton costing $25,000 tuition. He also needs tutoring. The defendant pays about $5,000 monthly to meet these educational expenses he provided in Article VI, paragraph 6.1 except for tutoring which is to be split equally. The plaintiff pays all other schooling related expenses which on her affidavit totals $5,833 monthly. In addition, she lists many other expenses (e.g. summer activities $875, travel $757 and gifts $521.88). The court notes that although several school related expenses are enumerated there is also "Extra Curricular Activities $600" not otherwise detailed. The plaintiff lists total monthly expenses as $50,541.21.
The parties filed a stipulation that the defendant's gross monthly income in 1999 is $185,600 as per his financial CT Page 3856 affidavit. His net monthly after taxes is $114,700.
The defendant introduced 98 pages containing copies of 3 checks per page, of a checking account in First Union National Bank, to demonstrate that the plaintiff has access to her parents funds for her use and for the children's needs. The defendant cites inUnkelbach v. McNary, 244 Conn. 350 (1998) for the proposition that this court must consider such source in setting the new order. In Unkelbach as in McGuinness, 185 Conn. 7 (1981) it is the payor's ability that is enhanced by the companion's income or the current spouse's income. The court has no case declaring that the payor should benefit from the largesse of the payee's parents.
The defendant is ordered to pay the sum of $50,000 monthly to the plaintiff as unallocated alimony and child support, effective as of January 1, 1999 pursuant to paragraph 3.5 of the parties' separation agreement. The court issues a wage withholding order pursuant to statute. Since the new order is retroactive and creates an arrearage, it shall be paid in monthly installments of $37,500 until paid in full, commencing April 15, 2000.
HARRIGAN, J.