[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Christine Taylor seeks a modification of the alimony and support orders that were entered when the parties' marriage was dissolved; an order requiring plaintiff Marc Evans to execute a bond or post security for the payment of child support; an order directing him to pay certain fees connected to a custody proceeding, which the defendant initiated after the marriage was dissolved. Plaintiff Evans, on the other hand, seeks a reduction of his child support obligation. For the reasons stated below, the plaintiffs motions with respect to alimony and bond are denied. The support obligation is increased from $113.00 a week to $138.00 a week. Orders are also entered with respect to the payment of experts' fees incurred in connection with the custody proceeding.
 I
The court will first address the issue of alimony. At the time the judgment dissolving the parties' marriage was entered on November 25, 1997, the trial court Margaret C. Driscoll, J.T.R., entered the following order: "8. The plaintiff shall pay the defendant $1.00 a year alimony until her death, cohabitation, or marriage. The defendant shall pay the plaintiff $1.00 a year alimony until his death, cohabitation or remarriage." Defendant Taylor wants the second part of this order CT Page 6450 amended. In her written claims for relief, she asks for "alimony to be paid to the defendant/mother in a lump sum of $7,800 — equivalent to $75/week for two years, effective from date of filing in January, 1999."
"Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86. "When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . ." The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. . . . The change may be in the circumstances "of either party." (Citation omitted); see General Statutes §46b-86. The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award. . . . Crowley v. Crowley,46 Conn. App. 87, 699 A.2d 1029 (1997)."
"When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties.
Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82
criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . The inquiry, then, is limited "to a comparison between the current conditions and the last court order." Id., 92.
The defendant, according to her own testimony, is earning more now than she did at the time of the divorce hearing in 1997. The plaintiff is earning less. His business has a negative net worth. In the memorandum of decision issued at the time of the dissolution judgment, Judge Driscoll noted "that the defendant earned more money than the plaintiff and the difference in the last couple of years was substantial." This observation is true today. After considering all the evidence, this court concludes that the defendant has failed to prove a substantial change in circumstances to warrant a reconsideration of the prior alimony order.
 II
The court will next consider the support issue. In her claims for relief, the defendant states that she wants "child support to be increased from $113/week to $263/week effective with date of filing in CT Page 6451 January, 1999, a lump sum of $15,600 to be paid from plaintiffs escrow funds and the court order to reflect this increase moving forward." Again, this issue is governed by General Statutes § 46b-86. The pertinent provision provides as follows:
 "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent . . . support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. Modification may be made of such support order without regard to whether the order was issued before, on or after May 9, 1991. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. . . ."
The plaintiff reports a gross weekly wage of $200.00. In addition to this income, he has consistently over the past few years received the benefit of a monthly gift from his mother. She first paid the $2,000.00 monthly rent for a home in Easton and next paid the $2,200.00 monthly rent for a home in Wilton. While the defendant reports that his mother has not paid the rent for the Wilton home for the past few months, his rent is still being paid by a person who is not a domestic partner. These regularly recurring gifts should be included in his gross income for the purpose of determining the child support award. See Child Support and Arrearage Guidelines Regulations § 46b-215a-1 (11) (A) (xviii). CT Page 6452 Accordingly, the court finds that the defendant's weekly income is $708.00 and that his net weekly income, after deductions for federal and state income taxes and social security, is approximately $172.00.
The defendant is employed by a company, Weatherby Health Care, that finds employment for physicians. She earns a salary of $55,000.00 and commissions of $5,000.00. She also earns approximately $1,000.00 a year as a real estate agent. Thus, her weekly gross income is $1,172.00, and her net weekly income, after deductions for taxes and medicare, is $945.00. The defendant pays a health care premium or $25.00 for the child. She reports child care expenses of $112.00 a week.
Under the child support guidelines, the recommended support order is $106.00 and the recommended child care contribution is $32.00 for a total support award of $138.00. In addition to the foregoing, this court has considered the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. This court concludes that the support award should be modified from $113.00 a week to $138.00.
 III
The defendant's request that the plaintiff be required to post security has previously been ruled upon by other judges. The defendant has failed to show that a bond is available for purchase within the financial means of the plaintiff. See General Statutes § 46b-84 (g). Moreover, the support payments are current. This request for relief is denied.
 IV
Finally, the court will address matters relating to expert fees that have been incurred by the parties in connection with custody proceedings. During the court proceedings of October 31, 2000, Dr. Harry Adamakos testified that his fee for services rendered is $7,050.00, that the plaintiff paid $2,375.00 toward this fee, and that the defendant paid $3,400.00. The plaintiff is ordered to pay an additional sum of $125.00 to Dr. Adamakos. The defendant is ordered to pay an additional sum of $1,150.00 to Dr. Adamakos. These payments are to be made within thirty days of the date of this memorandum.
Attorney Barbara Binford, who was appointed by the court to be the attorney for the parties' minor child, submitted a bill for $10,549.80 while in court on December 6, 2000. The court finds this bill to be fair and reasonable. The plaintiff on December 6, 2000, agreed to be responsible for fifty percent of the fee. Each party is to pay fifty percent of the bill by certified or bank check within ten days of the date CT Page 6453 of this decision.
Ms. O'Donnell testified on November 29, 2000, that her fee was $65.00 an hour for three hours of services for a total of $195.00. Each party is to pay fifty percent of this fee to Ms. O'Donnell within thirty days of the date of this memorandum.
 _____________________ THIM, JUDGE